CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

| | | |
|---|---|---|
| JORGE DILLARZA and MARINO ARACLEO, on behalf of themselves and others similarly situated, | : | Case No. 17-CV-4435 |
| | : | |
| Plaintiffs, | : | FLSA COLLECTIVE |
| | : | ACTION and RULE |
| -against- | : | 23 CLASS ACTION |
| | : | COMPLAINT |
| BANNER SMOKED FISH, INC., | : | |
| ABRAHAM A. ATTIAS, and ELI ATTIAS, | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------------X

Plaintiffs JORGE DILLARZA and MARINO ARACLEO (hereinafter,
"Plaintiffs"), on behalf of themselves and other similarly situated employees, by and
through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against
defendants BANNER SMOKED FISH, INC. ("BANNER"), ABRAHAM A. ATTIAS,
and ELI ATTIAS (the "Individual Defendants") (BANNER and the Individual
Defendants are collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as
amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from the

Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day that their work shift exceeded ten (10) hours, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5.      Plaintiffs are each residents of Queens County, New York.

6.      Defendant, BANNER, is a domestic business corporation organized under the laws of the State of New York, with a principle place of business at 2715 West 15th Street, Brooklyn, New York 11224.

7.      Defendant ABRAHAM A. ATTIAS is the owner, shareholder, director, supervisor, managing agent, and proprietor of BANNER who actively participates in the day-to-day operations of BANNER and acted intentionally and maliciously and is an

2

employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with BANNER.

8.      Defendant ELI ATTIAS is an owner, shareholder, director, supervisor, managing agent, and proprietor of BANNER who actively participates in the day-to-day operations of BANNER and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with BANNER.

9.      Defendants ABRAHAM A. ATTIAS and ELI ATTIAS are father and son, respectively.

10.      The Individual Defendants exercise control over the terms and conditions of their employees' employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11.      The Individual Defendants are present on the premises of BANNER on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

12.      Upon information and belief, at least within each of the three (3) most recent years BANNER has been and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees

engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13.     Defendants continuously employed Plaintiff JORGE DILLARZA to work as a non-exempt laborer for Defendants' seafood factory/market from in or about August 2015 until in or about February 2016, where his responsibilities included cleaning and filleting fish.

14.     Defendants continuously employed Plaintiff MARINO ARACLEO to work as a non-exempt laborer for Defendants' seafood factory/market from in or about August 2015 until in or about December 2015, where his responsibilities included cleaning and filleting fish.

15.     The work performed by Plaintiffs was directly essential to the business operated by Defendants.

16.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

18.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

4

## STATEMENT OF FACTS

19.    The Individual Defendants actively participate in the day-to-day operation of BANNER.  For instance, the Individual Defendants personally supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct and/or reprimand the employees for errors made.

20.    The Individual Defendants create and implement all crucial business policies, and jointly decide issues concerning the number of hours the employees work, the amount of pay the employees are entitled to receive, and the manner and method by which the employees are to be paid.

21.    In or about August 2015, Defendants hired Plaintiff JORGE DILLARZA to work as a non-exempt laborer for Defendants' seafood factory/market known as Banner Smoked Fish, located at 2715 West 15th Street, Brooklyn, New York, where his responsibilities included filleting and cleaning seafood.

22.    Neither at the time of Plaintiff's hire, nor anytime thereafter, did Defendants provide Plaintiff with a wage notice informing Plaintiff what his regular hourly rate and corresponding overtime rate of pay would be.

23.    Plaintiff worked continuously for Defendants in that capacity until in or about February 2016.

24.    Plaintiff worked over forty (40) hours per week.

25.    Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work schedule consisted of ten (10) hours per day Sunday through Thursday from 6:00 a.m. until 4:00 p.m.; and eight (8) hours on Friday from 6:00 a.m. until 2:00 p.m.  Plaintiff received a thirty (30) minute meal break each day.

26. During busy holiday seasons, Plaintiff would work past 4:00 p.m. Sunday through Thursday, at times working until as late as 7:00 p.m. each day.

27. Plaintiff punched a time clock each day.

28. Throughout the entirety of his employment, Plaintiff was not paid proper overtime compensation. Throughout the entirety of his employment, Plaintiff was paid at the rate of $11 per hour straight time for all hours worked, and worked approximately fifty-five (55) hours per week, and sometimes in excess thereof. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29. Plaintiff was not paid any wages for the first three (3) days of his employment.

30. Defendants failed to provide Plaintiff with a written wage statement at the end of each pay period upon paying Plaintiff his cash wages, which set forth Plaintiff's gross wages, deductions, and net wages.

31. In or about August 2015, Defendants hired Plaintiff MARINO ARACLEO to work as a non-exempt laborer for Defendants' seafood factory/market known as Banner Smoked Fish, located at 2715 West 15th Street, Brooklyn, New York, where his responsibilities included filleting and cleaning seafood.

32. Neither at the time of Plaintiff's hire, nor anytime thereafter, did Defendants provide Plaintiff with a wage notice informing Plaintiff what his regular hourly rate and corresponding overtime rate of pay would be.

33.     Plaintiff worked continuously for Defendants in that capacity until in or about December 2015.

34.     Plaintiff worked over forty (40) hours per week.

35.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work schedule consisted of ten (10) hours per day Sunday through Thursday from 6:00 a.m. until 4:00 p.m.; and eight (8) hours on Friday from 6:00 a.m. until 2:00 p.m.  Plaintiff received a thirty (30) minute meal break each day.

36.     During busy holiday seasons, Plaintiff would work past 4:00 p.m. Sunday through Thursday, at times working until as late as 7:00 p.m. each day.

37.     Plaintiff punched a time clock each day.

38.     Throughout the entirety of his employment, Plaintiff was not paid proper overtime compensation.  Throughout the entirety of his employment, Plaintiff was paid at the rate of $10.50 per hour straight time for all hours worked, and worked approximately fifty-five (55) hours per week, and sometimes in excess thereof.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.     Defendants failed to provide Plaintiff with a written wage statement at the end of each pay period upon paying Plaintiff his cash wages, which set forth Plaintiff's gross wages, deductions, and net wages.

40.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in

direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

41.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees a "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

42.    At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants between July 27, 2014 through the end of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

44.    Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits

because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

45.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

46.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

48.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.   Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.   Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

49.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50.   Plaintiffs and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

51.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

52.     Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since July 27, 2011 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory overtime compensation and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

53.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

54.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

55.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the Class as a whole. Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

56.     Plaintiffs will fairly and adequately protect the interests of the NY Class members. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

57.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

58.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

59.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

       a.     Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Class members;

c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.    Whether Defendants failed to pay Plaintiffs and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.    Whether Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.    Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

g.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

60.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

63.     Upon information and belief, at least within each of the three (3) most recent years BANNER has had gross revenues in excess of $500,000.

64.     Plaintiffs and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

65.     Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

66.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of

forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

67.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs and the Collective Action Members.

68.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

69.     Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

70.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

71.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

72.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

73.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74.     Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

75.     Defendants knowingly and willfully violated the rights of Plaintiffs and members of the Class by failing to pay them overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

76.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

77.     Defendants knowingly and willfully violated the rights of Plaintiffs and members of the Class by failing to pay them a "spread of hours" premium for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

78.     Defendants failed to properly disclose or apprise Plaintiffs and members of the Class of their rights under the New York Labor Law.

79.     Defendants failed to furnish Plaintiffs and members of the Class with a statement with every payment of wages listing gross wages, deductions and net wages, in

16

contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

80.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

81.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

82.    Due to the Defendants' New York Labor Law violations, Plaintiffs and members of the Class are entitled to recover from the Defendants their unpaid overtime compensation and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

83.    Plaintiffs and members of the Class are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, JORGE DILLARZA and MARINO ARACLEO, on behalf of themselves and all similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

17

(b)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c)     An award of liquidated damages as a result of the Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages as a result of the Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
July 27, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102

By:  _____
Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Jorge Dillarza_____, am an employee currently or formerly employed by _Banner Smoked Fish_____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____, 2017

_Jorge Dillarza P_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Marino Eracleo_, am an employee currently or formerly employed by _Banner Smoked fish_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York

_7/19_, 2017