## SETTLEMENT AGREEMENT

Jorge Dillarza, Marino Aracleo, Marco Antonio Eracleo (Plaintiffs) on the one hand, and Banner Smoked Fish, Inc., Abraham A. Attias, and Eli Attias, on the other hand, agree that:

1. **Definition of Parties.**

    (a) "Releasors" is defined as Jorge Dillarza, Marino Aracleo, Marco Antonio Eracleo and includes each of their present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns.

    (b) "Released Parties" is defined to include Abraham A. Attias, Eli Attias, Banner Smoked Fish, Inc., and its present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **Plaintiffs' Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiffs agree to submit a motion to the Court for Court approval of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act that Plaintiffs have or may have in the future through the date of execution of this Agreement.

3. **Limited Release of All Fair Labor Standards Act Claims by Plaintiffs.**

    (a) Release of Fair Labor Standards Acts Claims. Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA"), which Releasors have or may have against Released Parties, and also covenants not to file any claim or suit alleging a violation of the FLSA.

    (b) Collective/Class Action Waiver. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party. In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiffs, upon learning of Plaintiffs' inclusion, Plaintiffs immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

    (c) Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to their released claims. They agree, nonetheless, that this Agreement and the release contained in

1

it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

    4.    **Consideration.**

(a) In exchange for the promises made herein by Plaintiffs and subject to the United States District Court Eastern District of New York's (the "Court") approval of this Agreement, Banner Smoked Fish, Inc. agrees to pay to Plaintiffs the gross total sum of $13,140 (the "Payment").

(b) The Payment shall be made in a single check payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017.

(b) The Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA, known or unknown, asserted or unasserted, that Releasors may have against Released Parties.

(c) The Payment shall be made at the time of the parties' execution of this Agreement and prior to the submission of the Agreement for Court approval. The Payment shall be held in escrow by Plaintiffs' counsel until the Court approves the Agreement as fair and reasonable and dismisses the action with prejudice. If the Agreement is not approved by the Court, the Payment shall immediately be returned to Banner Smoked Fish, Inc.

(d) Upon the Court's approval of the Agreement and dismissal of the action, Plaintiffs' counsel shall immediately distribute the Payment as follows: (1) one check payable to Jorge Dillarza in the amount of $3,300.39; (2) one check payable to Marino Aracleo in the amount of $2,309.67; (3) one check payable to Marco Antonio Aracleo in the amount of $3,150.38; and (4) one check payable to Cilenti & Cooper, PLLC in the amount of $4,379.56 for attorneys' fees and costs.

    5.    **Settlement Approval.**

Plaintiff shall file a motion seeking the Court's approval of this agreement. This agreement is contingent upon the Court's approval of this Agreement and dismissal of all of Plaintiffs' claims, with prejudice.

    6.    **Non-Admission of Wrongdoing.** Banner Smoked Fish, Inc., Abraham A. Attias, and Eli Attias deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Banner Smoked Fish, Inc., Abraham A. Attias, and Eli Attias of guilt or noncompliance with the Fair Labor Standards Act.

    7.    **Resolution of Disputes.** In the event that either party alleges that the other party breached this Agreement in any way, any such controversy or claim relating to this

2

Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in the United States District Court for the Eastern District of New York by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law. The prevailing party in any such proceeding shall be entitled to payment of their reasonable attorneys' fees and costs associated with such proceeding from the non-prevailing party.

8. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10. **Entire Agreement.**

    (a) This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiffs have or may assert against Released Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

    (b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

    (c) Plaintiffs acknowledges that they have not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

11. **Competence to Waive Claims.** Plaintiffs are competent to affect a knowing and voluntary release of all of their FLSA claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiffs are not parties to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle their FLSA claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

12. **Execution.**

    (a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by their counsel, Cilenti & Cooper, PLLC. Plaintiffs fully understand that

3

this Agreement releases, settles, bars and waives any and all claims that they could possibly have against Released Parties under the FLSA. Plaintiffs selected their counsel voluntarily.

(b) Plaintiffs confirm they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement.

(c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Released Parties, and Released Parties until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: __10-30__, 2017   By: __Jorge Dillarza P__
                              Jorge Dillarza

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _New York_ )

On the 30th day of October in the year 2017, before me, the undersigned notary public, Jorge Dillarza personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

Signature and Office of individual taking acknowledgment

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

4

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 10-*-30 , 2017    By: _____
                                Marino Aracleo

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF New York )

On the 30th day of October in the year 2017, before me, the undersigned notary public, Marino Aracleo personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

_____
Signature and Office of individual taking acknowledgment

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 10-30 , 2017    By: Marco Antonio E.
                                Marco Antonio Eracleo

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF New York )

On the 30th day of October in the year 2017, before me, the undersigned notary public, Marco Antonio Eracleo personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual taking acknowledgment

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

5

BANNER SMOKED FISH, INC.

Dated: _____, 2017        By: _____
                                  Abraham A. Attias, President

Dated: _____, 2017             _____
                                  Abraham A. Attias, Individually

Dated: _____, 2017             _____
                                  Eli Attias, Individually